## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT LEE MILLER, JR.,
        Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
AT-0845-18-0666-I-1

DATE: May 15, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Robert Lee Miller, Jr., Jackson, Mississippi, pro se.

Jane Bancroft, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed a final decision of the Office of Personnel Management (OPM). For the reasons discussed below, we GRANT the petition for review. We AFFIRM the administrative judge's findings as to the existence and amount of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

overpayment, but otherwise VACATE the initial decision. We REMAND the case to OPM for further adjudication in accordance with this Remand Order.

## BACKGROUND

The essential undisputed facts as set forth in the initial decision are as follows: Effective November 17, 2001, the appellant was removed from his position as a Construction Representative with the Army Corps of Engineers. Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 2. Thereafter, he applied for and, on January 17, 2002, OPM authorized a refund of his retirement contributions for his Federal service from September 6, 1987, through November 17, 2001. *Id.* Effective April 7, 2002, the appellant's removal was cancelled, he was returned to duty, and he was retroactively placed on leave without pay from November 17, 2001, through April 6, 2002. *Id.* The appellant continued working until he retired, effective September 30, 2014. *Id.*

On March 3, 2015, OPM informed the appellant that his refund in the amount of $5,116.62 became erroneous once he was reinstated without a break in service. *Id.* The appellant requested reconsideration of OPM's decision. IAF, Tab 8 at 10-20. On April 27, 2018, OPM issued a final decision, affirming its initial decision. *Id.* at 6-8.

The appellant filed a Board appeal. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision, affirming OPM's final decision as to the existence and amount of the overpayment. ID at 3-4. Regarding waiver, the administrative judge found that the Board lacks jurisdiction to consider whether the appellant was entitled to a waiver because OPM's final decision did not address waiver of the erroneous payment. ID at 4-5. The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant argues that the administrative judge improperly denied his request to call a human resources representative as a witness at the hearing. PFR File, Tab 1 at 1. The appellant requested to call this witness to corroborate his contention that the refund was not erroneous because, following his termination, he was not reinstated without a break in service, but rather rehired as a new hire and never retroactively placed on leave without pay. IAF, Tab 10 at 1, Tab 13 at 1. The administrative judge denied this witness as not relevant. IAF, Tab 14 at 3. There is no evidence in the record indicating that the appellant objected to the administrative judge's denial of this witness, and thus, he is precluded from doing so on review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to timely object to the administrative judge's rulings on witnesses precluded his doing so on petition for review). Moreover, even if the appellant had preserved an objection, he has not shown that the administrative judge abused her discretion in disallowing the witness to the extent the appellant himself could have testified concerning the circumstances surrounding his reinstatement and/or any alleged inaccuracies in his Standard Form 50s or Individual Retirement Record. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (finding that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious).

Although the appellant does not dispute the total amount of the refund, he appears to dispute the administrative judge's finding regarding the current balance owed on the erroneous payment because he contends that the agency has been withholding funds from his monthly annuity. PFR File, Tab 1 at 1. We discern no error in the administrative judge's finding that OPM proved by preponderant evidence the existence and amount of the erroneous payment of the refund in the amount of $5,116.62. ID at 3. The details concerning the amount OPM has collected and the remaining amount owed are not clear from the record

before us. Nonetheless, findings regarding the current amount owed are beyond the scope of our review of the issues in OPM's decision. Accordingly, we vacate the administrative judge's findings in this regard.

Regarding waiver, OPM maintained below that the appellant did not request waiver of the erroneous payment because he did not check the box on the form requesting reconsideration. IAF, Tab 8 at 4. OPM's final decision states that the appellant did not complete a financial resources questionnaire, despite receiving two. *Id.* at 7. However, the record reflects that, with his request for reconsideration, the appellant submitted a partially completed financial resources questionnaire, in which he listed his total monthly income and expenses, as well as indicated that he had growing debts due to medical conditions and loans and would submit additional information at a later date. *Id.* 18-20.

Accordingly, to the extent the record is somewhat ambiguous regarding whether the appellant requested a waiver, and in light of his current request for a waiver, we find it appropriate to remand the appeal to OPM for consideration of the issue. *See, e.g., Murphy v. Office of Personnel Management*, 103 M.S.P.R. 431, ¶ 19 (2006) (stating that the paramount concern in a retirement appeal is whether the appellant is entitled to the benefits she seeks, not how well she argues her case); *Karker v. Office of Personnel Management*, 80 M.S.P.R. 235, ¶ 9 (1998) (noting that the Board has placed a high priority on resolving retirement benefit cases on the merits); *Bowers v. Office of Personnel Management*, 41 M.S.P.R. 200, 203 (1989) (stating that the Board has jurisdiction to review only issues adjudicated by OPM in its final decision).

**ORDER**

For the reasons discussed above, we remand this case to OPM for further adjudication in accordance with this Remand Order.

OPM shall issue a new final decision addressing waiver of the overpayment and, if applicable, the adjustment of a repayment schedule. OPM shall issue the

new decision within 60 days of the date of this Order and in that decision shall advise the appellant of the right to file an appeal with the Board if he disagrees with that new decision. *See* 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); 5 C.F.R. §§ 831.110, 841.308. Any such appeal must be filed consistent with the Board's regulations. We ORDER the appellant to provide all necessary information that OPM requests to help it carry out the Board's Order. *See* 5 C.F.R. § 1201.181(b).

If OPM fails to issue the ordered decision within 60 days of the date of this order, the appellant may file a petition for enforcement with the regional or field office that issued the initial decision in this appeal. 5 C.F.R. § 1201.181(a). The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order and should include the dates and results of any communications with OPM about its progress in issuing its final decision. 5 C.F.R. § 1201.182(a). Any petition for enforcement must be filed within 90 days of the date of this order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.